**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO. 01-6   ERIE |
| V. | : | |
| | : | |
| MARGARET LEVETO, et. al., | : | JUDGE COHILL |
| Defendants. | : | |

**DEFENDANT MARGARET LEVETO'S MOTION TO AMEND OR MODIFY SENTENCE**

Defendant Margaret Leveto, through her counsel, files this motion to amend or modify the restitution portion of her sentence. Specifically, this Court ordered Margaret Leveto to pay restitution to the United States of $39, 638, which represented the amount of tax loss to the United States in the tax year 1994. The Court, however, instructed the defendant to determine whether the Court had the discretion to not order restitution, and indicated that, if such discretion existed, the Court would vacate the restitution portion of the sentence.

The requirements according to which a district court may impose a restitution order are contained in the two provisions of the Victim and Witness Protection Act of 1982 ("VWPA"), since recodified at 18 USC § 3363 and 3364, and incorporated into United States Sentencing Guidelines § 5E1.1. The Mandatory Victims Restitution Act ("MVRA"), enacted in 1996, requires the sentencing court to order full restitution to identified victims of certain crimes. The "MVRA amended the provisions for restitution set out previously in the Victim and Witness Protection Act, 18 U.S.C. § 3663 et seq., pursuant to which district courts had **discretionary** authority to award restitution and were required to consider such factors as the defendant's

financial ability to pay. " <u>United States v. Grasso</u>, 381 F.3rd 160, 170 (2004), vacated by and remanded by <u>Grasso v. United States,</u> 2005 U.S. Lexis 2760 (U.S., Mar. 28, 2005) (emphasis added).

In the present case, restitution is discretionary with the Court.  First, the VWPA and MVRA do not apply to Title 26 crimes (See Margaret Leveto's Presentence Investigation Report at paragraph 82).  Second, even if the VWPA applied, the crimes here were committed in 1994, and thus restitution is discretionary. <u>Grasso</u>, <u>supra.</u>

Finally, U.S.S.G. § 5E1.1[1] provides in its commentary:

> <u>Background</u>: Section 3553(a)(7) of Title 18 requires the Court, "in determining the particular sentence to be imposed, to consider the need to provide restitution to any victims of the offense." Section 3556 of Title 18 authorizes the court to impose restitution in accordance with 18 U.S.C. §§ 3663 and 3664, which authorize restitution for violations of Title 18 or 49 USC § 46312, § 46502, or § 46504.  For other offenses, restitution **may** be imposed as a condition of probation or supervised release.  See 18 U.S.C. § 3563(b)(3) as amended by section 7110 of Pub.L.No.100-690 (1988). (emphasis added)

Thus, it is clear that this Court has discretion in determining whether to order Margaret Leveto to pay restitution to the United States.  Since the Court stated at the sentencing hearing that it did not believe that Margaret Leveto had the ability to pay restitution (which the Probation Department also found in paragraph 71 of the Presentence Investigation Report), the Court should modify or amend its sentence to vacate the order of restitution.

Respectfully submitted,

/s/ John J. Mead, Esquire
John J. Mead, Esquire

---

[1] Because of the date of the offense, the former § 5E1.1 (quoted here) is applicable to this case, and is set forth in Appendix C, Amendment 571 of the U.S.S.G. Manual.

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO. 01-6   ERIE |
| V. | : | |
| | : | |
| MARGARET LEVETO, et. al., | : | JUDGE COHILL |
| Defendants. | : | |

## ORDER

Now, this _____ day of _____, 2005, upon consideration of the defendant Margaret Leveto's Motion to Amend or Modify Sentence, it is hereby ordered that said motion is granted, and the portion of defendant's sentence that requires her to pay restitution of $39, 638 is vacated.  Defendant shall therefore serve a sentence of one month probation, and pay the mandatory assessment of $25.  There are no other fines or costs.

_____
United States District Judge

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO.  01-6   ERIE |
| V. | : | |
| | : | |
| MARGARET LEVETO, et. al., | : | JUDGE COHILL |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the _____ day of _____, 2005, a true and correct copy of defendant Margaret Leveto's Motion to Amend or Modify Sentence was filed this date in the above captioned matter was duly served upon the following by electronic service:

Tom Voracek, Esq.  
Trial Attorney  
Tax Division  
U.S. Department of Justice  
601 D Street, N.W.  
Washington, D.C. 20530  

Rita Calvin, Esq.  
Trial Attorney  
Tax Division  
U.S. Department of Justice  
601 D Street, N.W.  
Washington , D.C. 20530  

Respectfully Submitted,

/s/ John J. Mead, Esquire  
John J. Mead, Esquire  
Suite 800  Renaissance Centre  
1001 State Street  
Erie PA  16501  
(814) 459-1726